UNITED STATES DISTRICT COURT
WESTERN DISCTRICT OF NORTH CAROLINA

| | |
|---|---|
| SANDRA BARBER, NAHJWA BRUNER, MICHAEL VILLAGGIO, on behalf of Themselves and all similarly situated consumers, <br><br> Plaintiffs; <br> v. <br><br> FAIR COLLECTIONS & OUTSOURCING, INC., <br><br> Defendant. | Case No. _____ |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant, Fair Collections & Outsourcing, Inc. ("FCO") hereby removes this action from the Mecklenburg County Superior Court to the United States District Court for the Western District of North Carolina. In support of this Notice of Removal, FCO states as follows:

1. On or about March 28, 2025, plaintiffs Sandra Barber, Nahjwa Bruner and Michael Villaggio filed a Complaint in the Mecklenburg County Superior Court, North Carolina entitled and captioned *Sandra Barber, Nahjwa Bruner, Michael Villaggio, on behalf of Themselves and all similarly situated consumers v. Fair Collections & Outsourcing, Inc.*, Case No. 25-CV-016481-590 (hereinafter the "State Court Action").

2. In the state court Complaint, plaintiffs allege statutory causes of action against FCO under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq*. In accordance with 28 U.S.C. § 1446(a), a copy of all process and pleadings from the

State Court Action are attached as **Exhibit A1-A4**. To date, no orders have been entered in the State Court Action.

3. This Court has original jurisdiction over the State Court Action pursuant to 28 U.S.C. §1331 because the state court Complaint alleges a cause of action arising under the laws of the United States. Specifically, because plaintiffs allege violations of the FDCPA, the state court Complaint asserts a federal question under 28 U.S.C. §1441.

4. FCO was served with the summons and Complaint on April 30, 2025.

5. The time within which FCO is required by law, 28 U.S.C. § 1446(b), to file this notice of removal has not yet expired. This Notice of Removal is timely, having been filed within 30 days of the date on which JCAP was served with the state court Complaint. *See* 28 U.S.C. §1446.

6. The Mecklenburg County Superior Court is located within the United States District Court for the Western District of North Carolina. Therefore, venue for purposes of removal is proper because the United States District Court for the Western District of North Carolina embraces the place in which the removed action was pending. *See* 28 U.S.C. § 1441(a).

7. In accordance with 28 U.S.C. § 1446(d), written notice of this Notice of Removal is being concurrently provided to the La Plata County District Court. A true and correct copy of that written notice is attached hereto to as **Exhibit B**.

8. This Notice of Removal is being caused to be served on plaintiffs.

WHEREFORE, Defendant FCO provides notice that this action is removed from the Mecklenburg County Superior Court to the United States District Court for the Western District of North Carolina.

May 29, 2025                                    Respectfully submitted,

                                                */s Brian D. Roth*
                                                Brian D. Roth (18415)
                                                Sessions Israel & Shartle, LLC
`                                               3838 N. Causeway Blvd, Suite 2800
                                                Metairie, LA 70002
                                                (504) 828-3700
                                                broth@sessions.legal

## CERTIFICATE OF SERVICE

I certify that on May 29, 2025, a copy of the foregoing was served on counsel for plaintiff as follows:

Rashad Blossom
rblossom@blossomlaw.com

Scott C. Borison
scott@borisonfirm.com

                                                */s Brian D. Roth*
                                                Brian D. Roth (18415)